UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 | "O" |
|---|---|---|---|---|
| Case No. | EDCV 12-8258-CAS (JEMx) | Date | November 20, 2012 | |
| Title | CARLOS ABASCAL V. UNITED STATES, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Not Present | | Not Present | |

**Proceedings:** (In Chambers:) ORDER DISMISSING CASE

On September 25, 2012, plaintiff Carlos Abascal filed suit against defendants unknown named officers, agents, and employees of unknown named Agency(s). Dkt. No. 1. Plaintiff brings various claims relating to the alleged violation of his constitutional rights and his rights under various international treaties and he seeks to enjoin the United States from torturing him through the creation of paranoid thoughts and delusions. See Dkt. No. 1.[1]

On October 2, 2012, Chief Judge George H, King issued an order denying plaintiff's motion for emergency ex parte relief and ordering plaintiff to show cause why his complaint should not be dismissed with prejudice. Dkt. No. 11. Chief Judge King noted that plaintiff's allegations that defendants "subjected [him] to thought reform, somatic thought and memory generation, coercion, duress. . .degrading treatment and punishment" were "implausible" to state a claim. Id. at 2 (quoting Compl. ¶ 22). In addition, he noted that "it is clear that the deficiencies of the Complaint cannot be cured by amendment." Id. In response to this order, plaintiff filed a First Amended Complaint ("FAC") reciting identical factual allegations and legal theories as set forth in his original Complaint, as well as the complaints he filed in his previous federal court

---

[1] This is plaintiff's third suit with nearly identical allegations against the United States government, its agencies, or its officers. See 2:12-cv-5742-CAS (JEMx) and 2:12-cv-0490-CAS (JEMx). On October 24, 2012, this Court issued an order dismissing plaintiff's complaint in 2:12-cv-5742-CAS (JEMx) with prejudice. On this same date, the Court also adopted Magistrate Judge John E. McDermott's Report and Recommendation in 2:12-cv-0490-CAS (JEMx) and granted defendant's motion to dismiss with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 "O" |
|---|---|---|---|
| Case No. | EDCV 12-8258-CAS (JEMx) | Date | November 20, 2012 |
| Title | CARLOS ABASCAL V. UNITED STATES, ET AL. | | |

actions against the same or similar defendants. Plaintiff then filed a motion for preliminary injunctive relief, but did not in any other way respond to the Court's order to show cause. Dkt. No. 24. Defendants then moved to dismiss on November 14, 2012. Dkt. No. 30.

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). Plaintiff has already amended his complaint once as a matter of course in this case. Further leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (holding that leave to amend for a pro se plaintiff may be denied when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Even if plaintiff could potentially cure the Court's lack of subject matter jurisdiction by amendment, plaintiff's allegations of thought reform and memory generation at the hands of the government are too implausible to warrant the continuation of this lawsuit. Plaintiff's FAC is replete with details, but devoid of any plausible legal grounds for relief, and amending his complaint again would in no way cure this fundamental deficiency. Therefore, as with plaintiff's other complaints alleging virtually identical facts, the Court finds that plaintiff cannot possibly cure the deficiencies in his FAC to state a plausible claim for relief here.

     In accordance with the foregoing, the Court hereby DISMISSES this case WITH PREJUDICE.

     IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |